4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde C. FORBES, Defendant-Appellant.
 No. 92-2154.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 10, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Oct. 22, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In this pro se, direct appeal Clyde Forbes challenges his plea to using a firearm while trafficking in narcotics. Forbes originally filed a pro se motion to withdraw the plea, then withdrew the motion at sentencing. As a result, neither of the two issues he raises on appeal were before the district court. Ordinarily, Forbes would have waived the arguments he asks us to consider. United States v. Atkinson, 979 F.2d 1219, 1222 (7th Cir.1992). But the government, by addressing his claims on the merits, has waived the defense of waiver. United States v. Stone, 987 F.2d 469, 471 (7th Cir.1993).
 
 
 2
 Forbes contends that he did not knowingly and voluntarily plead guilty because he did not understand how his conduct could be the basis for the firearm count. Specifically, he now argues that he did not understand constructive possession, foreseeability, or how the weapon could be possessed by an unindicted co-conspirator "in relation to" the conspiracy. Although he may have indicated at the plea hearing and at sentencing that he understood these ideas on their face, what he really did not realize, according to Forbes, was their legal ramifications. For instance, Forbes claims that while he "did not dispute the allegation that it was 'foreseeable' to him 'that Mr. Eickleberry [a co-conspirator] would bring a firearm to this type of cocaine transaction', nothing in the ... hearing shows that [he] understood the legal significance of 'foreseeable,' nor are there any facts in the record to show how it would have been 'foreseeable' to [him] that Eickleberry would bring the .25 pistol to the transaction." Appellant's Brief at 19.
 
 
 3
 His assertion contains several misconceptions. The law is not always too abstruse for nonlawyers to understand intuitive concepts. If Forbes can grasp the plain meaning of "foreseeability", then he can understand as well its "legal significance"--charges and penalties for cocaine traffickers who, like himself, expect that weapons will be present during illegal transactions. 18 U.S.C. Sec. 924(c). Forbes objects that the record contains no factual basis showing that he foresaw the presence of a weapon. But he stipulated that he did in the plea agreement. Besides his explicit admission, we have stated over the years that "the illegal drug industry is, to put it mildly, a dangerous, violent business. When an individual conspires to take part in [a conspiracy to distribute cocaine], it certainly is quite reasonable to assume that a weapon of some kind would be carried." United States v. Diaz, 864 F.2d 544, 549 (7th Cir.1988), cert. denied, 490 U.S. 1070 (1989). See also United States v. Pazos, 993 F.2d 136, 141 (7th Cir.1993); United States v. Gutierrez, 978 F.2d 1463, 1470 (7th Cir.1992); United States v. Allen, 930 F.2d 1270, 1275 (7th Cir.1991); United States v. Ocampo, 890 F.2d 1363, 1372 (7th Cir.1989). Reasonableness, an objective standard, is the analytical touchstone. Whether Forbes actually foresaw the use of a firearm during the commission of the crime is irrelevant. Because Forbes reasonably could foresee that a co-conspirator would possess a weapon (and because he admitted that he did so foresee), we reject his claim.
 
 
 4
 Moreover, the transcript suggests not only that Forbes well understood why he was being charged with the weapons count, but also that he comprehended the consequences of his plea. The prosecutor presented the factual basis for the plea and stated that "it was foreseeable to Clyde C. Forbes" that a co-conspirator would bring a loaded, automatic pistol to the drug sale. Transcript of Change of Plea Hearing (Tr.) at 41. The district court judge then asked Forbes whether this description of events was true and correct. Tr. at 43. "Yes, sir," responded Forbes. Id. Moments later the court asked Forbes whether he was "pleading guilty because you are in fact guilty of these two offenses?" Again Forbes replied, "Yes, sir." And Forbes also stated he was pleading guilty of his own free will and volition. Id. at 45. These exchanges confirm that the district court fully complied with the dictates of Federal Rule of Criminal Procedure 11, which requires the court to determine that the defendant understands the nature of the charges to which he is pleading guilty. We therefore conclude that Forbes knowingly and voluntarily admitted his guilt. McCarthy v. United States, 394 U.S. 459, 466 (1969); United States v. Musa, 946 F.2d 1297, 1303 (7th Cir.1991).
 
 
 5
 Also without merit is Forbes's contention that there was no adequate factual basis for the district court to accept his plea. The government provided a factual basis at the hearing. See Tr. 40-42. Twice Forbes acknowledged that the factual basis was true and correct. Tr. at 43, 45. This was sufficient for the court to find a factual basis and to accept the plea. Musa, 946 F.2d at 1302.
 
 
 6
 Finding no error in the district court's acceptance of Forbes's plea, we
 
 
 7
 AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record alone